**ADKINS et al. v. CITY OF MISSION.**

No. 13540.

Court of Civil Appeals of Texas.
Fort Worth.
April 9, 1937.

Rehearing Denied May 14, 1937.

Abney & Whitelaw, of Brownsville, for appellant Standard Acc. Ins. Co.

Cameron & Hardin, of Edinburg, for appellant K. C. Adkins.

Roy Buckley, of Mission, and E. A. McDaniel, of McAllen, for appellee.

BROWN, Justice.

The council of the City of Mission, Tex., on October 20, 1932, elected K. C. Adkins to serve the city as its secretary or clerk and treasurer, and Adkins remained in such employment until January 31, 1935. He was required to give a bond. Standard Accident Insurance Company is the surety on such official bond, the provisions of which are that Adkins "shall well and faithfully perform all the duties of his said office of City Clerk and Treasurer as required by law." The bond is for $3,000.

From the city charter we gather that it is the duty of the city clerk or secretary to attend the meetings of the council, to keep the minutes of the proceedings, to engross and enroll all ordinances, resolutions, etc., passed, to draw all warrants on the treasury, countersign the same, and keep a record and account thereof. He is made the general accountant of the city and is required to keep in the books regular accounts of the receipts and disbursements of the city, and separately, under proper heads, each cause of the receipt and disbursement, and also accounts with each person, including officers who have money transactions with the city, crediting accounts allowed by proper authority and specifying the particular transaction to which such entry applies.

The charter provides that a treasurer may be appointed and that he shall receive and securely keep all moneys belonging to the city and make payments for the same, upon the order of the mayor, attested by the city secretary under the seal of the corporation.

The charter further provides that the treasurer shall report, on or before the first meeting of the city commission in July of each year, the amount of the receipts and expenditures, the amount of money on hand

in each fund, and at the end of every year he shall cause to be published at the expense of the city a statement showing the amount of receipts and expenditures of the year next preceding and the general condition of the treasury.

The charter further provides that if the city treasurer shall act as city tax collector, he shall not be required to give any bond other than that required of him as treasurer.

The charter further provides that the city commission shall have the right to require official bonds from other appointive officers and employees of the city.

The City of Mission, Tex., appellee here, brought suit in the district court of Hidalgo county against K. C. Adkins and the Standard Accident Insurance Company, the surety on Adkins' official bond, appellants here, and alleged the appointment of Adkins to the office of city clerk and treasurer of said city, on October 20, 1932, his qualifying as such officer, the giving of the bond, which was copied in full in the pleading, the renewal of the bond from time to time, and that during the time Adkins served as city treasurer he "received certain funds in accounts, taxes, charges, assessments, and claims in the sum of $208,806.73," and that Adkins failed to discharge the duties required of him as city treasurer in that he, as required, accounted for the sum of $205,631.36, and sued for the difference alleged to have been unaccounted for, namely, $3,175.37, for which the city prayed judgment against Adkins and his said surety.

Adkins answered with a general demurrer, several special exceptions, and a general denial.

The surety company answered in like manner and prayed for a recovery over against Adkins in the event recovery was had against it.

The cause was tried to a jury, and after the taking of evidence and testimony the trial court, on the motion of plaintiff city, instructed the jury peremptorily to return a verdict in favor of the city against Adkins and his said surety in the sum of $3,000 and to find for said city against Adkins in the sum of $31.89, all with 6 per cent. interest from February 28, 1936, the date when the peremptory instructions were given. Judgment was rendered in keeping with such instructions.

Due exception was taken by both defendants to the giving of the peremptory instructions and to the rendering of the judgment against them thereon, and the cause was appealed to the Court of Civil Appeals for the San Antonio District, and, being transferred to this court by the Supreme Court, is before us for review.

In addition to the facts heretofore set forth by us, we find the following facts established in the record: On April 19, 1934, as disclosed by the minutes, the city commission appointed one Helen Duncan as assistant secretary. There is nothing in the record to disclose whether or not a bond was required of Miss Duncan. So far as the record goes, appellant Adkins had nothing to do with the appointment and Miss Duncan received such appointment and was established in office to perform the duties of assistant secretary without his procurement. On June 21, 1934, the minutes disclosed that the city commission employed Mrs. Zac Drummond Boyle "to collect delinquent taxes in North Mission," and provided that she be paid out of the funds collected. A bond was expressly required of Mrs. Boyle. Under the record she was evidently appointed to such position and installed therein without the procurement of appellant Adkins. On October 4, 1934, it appears that the city commission appointed one Pablo E. Martinez "as delinquent tax collector in place of one Juan Garza resigned." No bond was required of Martinez, and he appears to have been appointed without the procurement of appellant Adkins.

The city charter provides that the commission shall require a complete audit of the books and accounts of all records and transactions of the administration of the affairs of the city to be made at least once each year and as often as the commission may deem necessary, and that an audit must be made not more than six months nor less than two months before each regular city election for officers, and that same shall be made by a certified public accountant, and the results published in some newspaper published in Mission, Tex., within 30 days after the completion of the audit.

During the trial, the defendants sought to introduce an instrument in writing, dated October 26, 1933, under the signature of the mayor of the city, accompanied by the seal of the city, same being addressed to the appellant surety company, in which the said mayor, acting in his official capacity, certified to such surety, in substance, that on May 29, 1933, the books and accounts of K. C. Adkins were examined by one Nelson P. Wimberly, auditor, covering the period up to the close of busi-

ness on January 31, 1933, and that they were found to be correct in every respect, with all funds on hand and in bank properly accounted for, and a summary was given in such document.

The trial court refused to admit such document in evidence on objection of the plaintiff.

It further appears that the defendants offered in evidence a statement in writing, dated May 10, 1934, executed by Nelson P. Wimberly, who is shown to have been the auditor employed by said city to audit the books and accounts of the city, said instrument being addressed and delivered to the agents for the above-named surety, which agents executed the bond for Adkins as agents for said surety company. This instrument in writing advised the surety company's said agents that he had audited the books of the City of Mission up to the 31st day of January, 1934, and that all cash receipts had been accounted for and that Adkins' accounts were in balance.

The trial court refused to admit this instrument in evidence over the objection of said city.

These last two documents were excluded by the trial court on the theory that they could not bind the city to release a debt or cause of action occasioned by the defalcation of Adkins, if any such then existed. With this contention we are in accord, and the trial court, under the pleadings as they now stand, rightfully denied the admission in evidence of such instruments. We believe that the surety is entitled to allege estoppel upon the part of the city to recover of the surety for any defalcation on the part of Adkins after it was officially notified that Adkins' accounts were correct and all moneys had been accounted for by him, if in truth and in fact there was a shortage in Adkins' accounts at the time they were declared to be in good shape. This is necessarily true because if, after the first audit or any other subsequent audit, Adkins had been found guilty of defalcation, under the very provisions of the surety bond the surety could have canceled the bond and would have been relieved of all future defalcations, but the defendant did not so plead and the exclusion of the documents, under the pleadings, we believe to be correct.

It seems to be without dispute that Miss Helen Duncan, Mrs. Zac Drummond Boyle, Pablo E. Martinez, and one Garza, up to the day of his resignation, collected and handled moneys and funds belonging to the City of Mission during the time that appellant Adkins was city clerk and treasurer, but none of these persons ever testified to the amounts received by them or traced all funds received by them actually into the hands and keeping of K. C. Adkins.

The auditor, who audited the books and records of the city and on whose testimony and deductions and balances the city depends for a recovery, frankly admitted that it was difficult to understand such books and records as were presented to him; that he did not have access to all the books and records, and his testimony discloses that his figures were arrived at largely from his own calculations and deductions.

■ This case was tried to a jury, and we believe that the peremptory instructions were erroneously given for two reasons: (1) The amount of shortage, if there is in fact one, is a disputed issue, and having elected to try this case to a jury, this issue is for the jury to determine; (2) we hold that Adkins cannot be held responsible for all of the funds collected by Helen Duncan, Mrs. Zac Drummond Boyle, Pablo E. Martinez, and one Garza, during the time that Adkins served the city as clerk and treasurer, unless and until all such sums collected by such persons are shown to have been delivered into Adkins' hands. Adkins denied that he ever misappropriated, misapplied, wasted, or otherwise failed to account for any money that ever came into his hands. The issue of whether or not Adkins actually received and had in his custody and under his control all of the moneys collected by the persons named above was one for the jury.

■ The surety company, in its brief, contends that it should be released because, after Adkins was appointed city treasurer and secretary, the city, without its knowledge or consent, appointed Miss Helen Duncan assistant secretary and empowered her to collect funds and that she did so, and appointed Mrs. Zac Drummond Boyle and Pablo E. Martinez to collect delinquent taxes and empowered them to do so, and that therefore to hold the surety company on Adkins' bond for the acts and defalcations, if any, on the part of Miss Duncan, Mrs. Boyle, and Martinez, changes the terms of the bond on which it is surety and necessarily increases its burden. We call attention to the fact that no such defense was raised by the surety company, and we believe that any surety desiring to take advantage of any such matters and praying

to be released by reason thereof must be so pleaded.

We find nothing in the record indicating that Adkins was actually appointed tax collector, or collector of any funds owing to the city, and he was not sued for dereliction of duties in any such capacity. The record does disclose that the collection of the funds due the city from its water department was given over to Miss Duncan.

Because of the giving of the peremptory instruction, in the face of the record as we have found same, the judgment of the trial court is reversed, and the cause is by us hereby remanded.